quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S INTERNET ADDRESS
robertraskopf@quinnemanuel.com

September 16, 2015

**VIA ECF & E-MAIL**
The Honorable Analisa Torres
Daniel Patrick Moynihan Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Mirra v. Jordan*, No. 15-4100 (AT)

Dear Judge Torres:

   We represent Plaintiff, Raymond A. Mirra, in the above captioned action.  We write to oppose Defendant's request to adjourn the pretrial conference and defer the adoption of a scheduling order.

   Defendant's request to defer the initial pretrial conference is effectively a request to stay discovery, which is based solely on her intent to file a motion to dismiss.  *G. I. Home Developing Corp. v. Brookhaven,* No. 07-4115, 2008 U.S. Dist. Lexis 26173, at *1 (Apr. 1, 2008).  However, a pending motion to dismiss is not sufficient grounds to stay discovery.  *See Moran v. Flaherty*, No. 92-3200, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992) ("Discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."); *Freund v. Weinstein,* No. 08-1469, 2009 WL 2045530, at *1 (E.D.N.Y. July 8, 2009) ("The pendency of a dispositive motion is not, in itself, an automatic ground for a stay.").  Instead, a party seeking to stay discovery has the burden to demonstrate "good cause" by identifying "particular circumstances" that justify a discovery stay.  *Freund,* 2009 WL 2045530, at *1.  Defendant's letter motion does not demonstrate any cause, let alone good cause, to defer the pretrial conference or delay the adoption of a discovery schedule.  *G. I. Home*, 2008 U.S. Dist. Lexis 26173, at *1 (denying stay because party did not address factors showing "good cause").

   The factors that a court may consider in deciding to stay discovery include (a) the strength of the motion to dismiss, (b) the breadth of discovery sought, and (c) the prejudice that would result from a stay.  *Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).  These factors weigh against granting a stay of discovery.  Defendant has made no showing that her motion to dismiss is likely to be case dispositive.  In addition, Plaintiff has sought only limited document discovery thus far.  Finally, Plaintiff stands to suffer substantial prejudice from any stay.  Discovery is well underway in a related matter also pending before Your Honor, Case No. 13-5519, where the parties are engaged in document review and written

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

discovery.  Because there is a definite factual relationship between the two matters, the failure to adopt a schedule in the instant action will unnecessarily increase Plaintiff's costs, by requiring review of many of the same documents twice.  *Hachette Distribution, Inc. v. Hudson County News Co., Inc.*, 136 F.R.D. 356, 359 (E.D.N.Y. 1991) (declining discovery stay that "might also unnecessarily lead to duplicative document production and depositions").  In addition, Plaintiff will be prejudiced due to the potential for loss of evidence as time proceeds.  As a defamation action, this case will largely concern the truth of Defendant's false and injurious statements, as well as how they have affected Plaintiff's reputation.  The longer that discovery is delayed, the more likely it is that the ability to discover facts bearing on these issues will be lost to faded memory.  *Cf. Clinton v. Jones*, 520 U.S. 681, 707-708 (U.S. 1997) ("delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts").

       Accordingly, Plaintiff respectfully requests that the Court deny Defendant's request to adjourn the initial pretrial conference.

                                  Respectfully submitted,

                                  */s/* Robert L. Raskopf
                                  Robert L. Raskopf
                                  QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                  51 Madison Avenue, 22nd Floor
                                  New York, NY 10010

                                  *On behalf of Plaintiff Raymond Mirra*

Cc: Counsel of record
     Via ECF