SIEGEL TEITELBAUM & EVANS, LLP          MCLAUGHLIN & STERN, LLP
260 MADISON AVENUE, 22ND FLOOR                      260 MADISON AVENUE
NEW YORK, NEW YORK 10016                          NEW YORK, NEW YORK 10016

September 21, 2015

**BY ECF & E-Mail**
The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

Re:    *Mirra v. Jordan*, 15-cv-4100 (AT)

Dear Judge Torres:

We represent the defendant in the above-referenced action and write in response to plaintiff's letter dated September 16, 2015 ("Plaintiff's Letter"). As set forth more fully below, we respectfully request that the discovery process be stayed until defendant's motion to dismiss is decided.[1]

It is well settled that a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c). *See, e.g., Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.,* 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009); *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.,* 2009 WL 274483, at *1 (S.D.N.Y. Feb. 3, 2009). Discovery, however, should be stayed pending decision on a motion to dismiss particularly when, "the motion to dismiss appear[s] to have substantial grounds," the plaintiff fails to demonstrate "extraordinary prejudice," and "the discovery requests are extensive." *Chrysler Capital Corp. v. Century Power Corp.,* 137 F.R.D. 209, 210–11 (S.D.N.Y. 1991); *see also Johnson v. New York Univ. Sch. of Educ.,* 205 F.R.D. 433, 434 (S.D.N.Y. 2002) ("courts in this district have held that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appear[s] to have substantial grounds' or, stated another way, does not appear to be without foundation in law…[C]ourts [also] generally consider the breadth of discovery sought and the burden of responding to it" and whether the plaintiff has demonstrated he would be prejudiced by a stay) (citations omitted).

**I.     Defendant's Motion to Dismiss is Strong**

Courts in this district customarily grant stays of discovery pending dispositive motion practice when the motion, on its face, shows merit. *See, e.g., Gandler v. Nazarov,* No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (stay of discovery granted where the motion to dismiss was "potentially dispositive, and appears to be not unfounded in the law" and the stay "might avoid the need for costly and time-consuming discovery"); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.,* 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting

---

[1] Plaintiff erroneously claims that defendant has requested an adjournment of the initial conference that is scheduled for October 1, 2015. *See* Plaintiff's Letter, p. 1. Defendant does not wish to adjourn the conference, has never made such a request, and looks forward to discussing the status of the case.

stay of discovery pending determination of motion to dismiss where court found defendants presented substantial arguments for dismissal of many if not all of the claims in the lawsuit).

Here, though defendant has not yet filed the motion to dismiss, in defendant's September 17, 2015 letter requesting a pre-motion conference we set forth the grounds forming the basis of the motion. *See* docket No. 15. We submit that these grounds are particularly strong. Defendant will argue, *intern alia*, that New York rather than Pennsylvania defamation law applies and, thus, that the false light and invasion of privacy claim must be dismissed because New York does not recognize such a tort, and that she is absolutely immune from liability on the slander and libel claims pursuant to New York Civil Rights Law §74. This law provides that "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding. . . " The Section 74 privilege extends to out of court reports of all publicly filed documents, including "pleadings, transcripts, live proceedings and the release by the parties of background material regarding their positions in the case." *Riel v. Morgan Stanley*, No. 06 CV 524 (TPG), 2007 WL 541955, at *10 (S.D.N.Y. Feb. 16, 2007) *aff'd sub nom. Riel v. Stanley*, 299 F. App'x 91 (2d Cir. 2008); *see also Tacopina v. O'Keeffe*, No. 14 CIV. 8379 PAC, 2015 WL 5178405, at *6 (S.D.N.Y. Sept. 4, 2015) (explicitly stating that the privilege applied to all "publicly filed documents," and ruling that it was irrelevant whether the report was of an allegation that appeared in the complaint or an affidavit); *Fine v. ESPN, Inc.*, 11 F. Supp. 3d 209, 216-17 (N.D.N.Y. 2014) (emphasis added) (the privilege extends to statements that are "background" to the proceeding, including "statements or allegations that *go beyond* matters in the proceeding." ). The complaint alleges that defendant defamed him both on her website gigijordantruth.com and during her interview on the *Dr. Phil* program. We are confident that, upon review of the material at issue, the Court will determine that Civil Rights Law §74 shields defendant from liability because all the allegedly defamatory statements were either (i) statements made in open court in the criminal trial against defendant; (ii) contained in documents submitted to courts in support of Ms. Jordan's defense in the criminal trial against her, or in her two civil cases, or in exhibits filed in those cases; or (iii) "background material regarding [Ms. Jordan's] positions in [her] case[s]." *Riel*, 2007 WL 541955, at *10. Additionally, we respectfully submit that, after viewing the *Dr. Phil* episode at issue, it will be clear to the Court that the plaintiff was not defamed as a matter of law. *See Foster v. Churchill,* 87 N.Y.2d 744, 751 (1996) (citation omitted).

## II.    Plaintiff Fails to Demonstrate "Extraordinary Prejudice"

Plaintiff will not be prejudiced by any delay in the discovery process caused by defendant's motion to dismiss. "A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Rivera v. Heyman,* No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997). If defendant is successful on her motion to dismiss, then plaintiff is not entitled to discovery in the first instance. On the other hand, if defendant's motion is denied in whole or in part, then the scope of the claims, and thus discovery, will be better defined and proceed accordingly. Either way, plaintiff will receive whatever discovery he is entitled to but those parameters can only be known after defendant's motion is decided.

Additionally, Plaintiff's assertion that, due to the fact that discovery is proceeding in a related case, he will be burdened by having to "review the same documents twice" is unfounded. *See* Plaintiff's Letter, p. 2. Even if there is substantial overlap between the documents requested in the two cases and the cases proceed on different schedules, plaintiff would only have to review the documents he produced prior to the production in in Case No. 13-5519, and reproduce the documents when the time for production in this case arises –without substantial re-review of the documents.  Regardless of whether the cases proceed on the same schedule, plaintiff will have to review the documents defendant produces in both cases. (If there is not substantial overlap between the documents produced and requested by plaintiff, then this argument is irrelevant).

Moreover, plaintiff's citation of *Clinton v. Jones*, 520 U.S. 681, 707-08 (1997) to claim that a stay presents the danger of lost evidence is inapplicable.  In *Clinton*, the defendant had requested a stay until he left the presidency – which amounted to a request for a stay for *over five and half years* from when the action was filed.  Here, Defendant is merely requesting a stay pending the resolution of the motion to dismiss, and is prepared to move expeditiously on that motion.  Given this short period of time, it is hard to see how relevant facts will be "lost to faded memory," Plaintiff's Letter, p. 2, and numerous courts have granted such stays "for a short period of time."  *See, e.g., Gandler*, 1994 WL 702004, at *4; *Deliser v. Miller*, No. 9:13-CV-0803 GTS/DEP, 2014 WL 4626858, at *9 (N.D.N.Y. Sept. 15, 2014); *Picture Patents, LLC v. Terra Holdings LLC*, No. 07 CIV. 5465 JGK/HBP, 2008 WL 5099947, at *2 (S.D.N.Y. Dec. 3, 2008).

Additionally, in a case even cited by plaintiff, the Southern District noted that when related cases are not on the same discovery track

> the prejudice to a two-track process . . .fall[s] largely on the defendants, who may have to submit to two rounds of depositions if the depositions in the two cases cannot be coordinated. *Inasmuch as defendants are apparently content to bear the risk of this prejudice, it does not factor into the Court's analysis*.

*Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 75 (S.D.N.Y. 2013) (emphasis added).

### III.    Plaintiff's Discovery Requests are Extensive

Finally, plaintiff's document demands are voluminous and burdensome.  Although no case management order is in place, plaintiff unilaterally served defendant on September 16, 2015 with 119 discovery demands.  *See* Exhibit "A."  These requests seek extensive documents related to a wide variety of issues, some of which are: Mirra's ties to the mafia, Mirra's healthcare fraud, the structure of Allion (one of Mirra's companies), the financial fraud Mirra perpetrated against Ms. Jordan, Jude (Ms. Jordon's son's) autism and other diagnoses, all Ms. Jordan's extensive attempts to treat Jude, all non-privileged documents related to two actions Ms. Jordan is currently litigating, all documents and filings Ms. Jordan submitted in her criminal trial (which spanned five years), Ms. Jordan's marriage to Mr. Tzekov, Mirra's relationship with Jude, and Mirra's relationship Tzekov.  Plaintiff will undoubtedly serve similarly burdensome

interrogatories and requests for admissions in the near future.  It is a substantial burden for defendant to respond to these document demands when there is a strong likelihood that all or some of plaintiff's claims will be dismissed as a matter of law.

Accordingly, for the reasons set forth above, we respectfully request that discovery be stayed pending the resolution of defendant's motion to dismiss the complaint.

Respectfully submitted,

/s/Norman Siegel                                    /s/Steven Hyman
SIEGEL TEITELBAUM & EVANS, LLP            MCLAUGLIN & STERN, LLP
Norman Siegel                                       Steven J. Hyman
Sharon Sprayregen                                Alan E. Sash