USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__5/2/16__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAYMOND A. MIRRA, JR.,<br><br>        Plaintiff,<br><br>  vs.<br><br>GIGI JORDAN,<br><br>        Defendant. | Case No. 13-5519 (AT) (KNF) |
| RAYMOND A. MIRRA, JR.,<br><br>        Plaintiff,<br><br>  vs.<br><br>GIGI JORDAN,<br><br>        Defendant. | Case No. 15-4100 (AT) (KNF)<br><br>**STIPULATION AND**<br>**ORDER TO STAY**<br>**CASES PENDING**<br>**MEDIATION** |

**WHEREAS**, on August 7, 2013, and June 11, 2015, Plaintiff Raymond A. Mirra, Jr. ("Plaintiff") filed actions captioned *Raymond A. Mirra, Jr. v. Gigi Jordan*, Case No. 1:13-cv-5519 (AT) (KNF) (henceforth, "Defamation 1"), and Raymond A. Mirra, Jr. v. Gigi Jordan, Case No, 1:15-cv-4100 (AT)(KNF) (henceforth, "Defamation 2").

**WHEREAS**, both matters are presently pending before this Court as related but non-consolidated cases;

**WHEREAS**, Defamation 1 and Defamation 2 were consolidated for discovery purposes on March 17, 2016 and the deadline for completion of fact and expert discovery in both actions is currently September 19, 2016;

1

**WHEREAS**, the parties in the instant litigation seek to engage a private mediator in order to resolve the claims in dispute in Defamation 1 and Defamation 2;

**WHEREAS,** the parties seek to stay both Defamation 1 and Defamation 2 for a period of sixty (60) days while they pursue mediation in good faith in order to conserve the resources of the parties, third-parties, and the Court, and further seek to enlarge the deadline for discovery by the same sixty-day (60) period so as not prejudice the discovery rights and obligations of either party;

**WHEREAS**, this Court has "the power to stay proceedings incidental to the power inherent in every court to control the disposition of causes on its own docket with economy of time and effort for itself, for counsel, and for litigants" in mind, *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163 (1936));

**WHEREAS**, district courts across the country regularly stay cases referred to mediation, *see, e.g.,Pensionsversicherungsanstalt v. Turner*, No. 04-CIV-1694(RJH)(MHD), 2004 WL 1852993, at *1 (S.D.N.Y. Aug. 16, 2004) ("The Court is aware that the parties are engaged in mediation and is willing to entertain a brief stay of this litigation . . ."); *see also ArrivalStar, S.A. v. Blue Sky Network, LLC*, No. CV 11-4479 SBA, 2012 WL 588806, at *2 (N.D. Cal. Feb. 22, 2012) (finding good cause to stay case pending resolution of mediation, in order to save unnecessary expense); *Curwen v. Dynan*, No. C11-05598BHS, 2012 WL 1237643, at *2 (W.D. Wash. Apr. 12, 2012) (granting request to stay case pending resolution of mediation to avoid unnecessary expense); *Long v. Alcoa Inc.,* No. 3:09-CV-547, 2010 WL 3338559, at *4 (E.D. Tenn. Aug. 24, 2010) (finding that a stay pending mediation was appropriate to "conserve judicial resources");

2

**WHEREAS**, mediation of Defamation 1 and Defamation 2 may resolve both cases in their entirety;

**WHEREAS**, mediation of Defamation 1 and Defamation 2 may also resolve either or both cases in part and thus may streamline the issues in dispute in both cases;

**WHEREAS**, a stay of discovery in Defamation and Defamation 2 will avoid the need for both parties to spend time and resources on discovery efforts that may become unnecessary if mediation resolves the parties' claims;

**WHEREAS**, both parties have served third-parties with subpoenas for documents and depositions in Defamation 1 and Defamation 2;

**WHEREAS**, a stay of discovery in Defamation 1 and Defamation 2 may avoid the need for third-parties to expend time, money, and other resources on contesting or complying with third-party subpoenas for discovery that may become unnecessary if mediation resolves the parties' claims;

**WHEREAS**, a stay in Defamation 1 and Defamation 2 may conserve judicial resources by allowing the Court to avoid expending resources on resolving disputes which may become moot if mediation resolves the parties' claims;

**IT IS HEREBY STIPULATED AND AGREED**, by and among the Parties, and subject to the approval of the Court, that:

1.     Both parties shall engage in mediation before a private-mediator selected according to terms negotiated by both parties, according to a jointly devised procedure;

2.     Defamation 1 and Defamation 2 shall be stayed in their entirety for a period of sixty (60) days, in order that the parties may pursue mediation;

3.      The deadline for the close of discovery shall be extended to December 31, 2016, so as not prejudice the discovery rights and obligations of either party;

4.      During the pendency of the sixty-day stay, any and all subpoenas issued by either party to any third-parties shall be suspended, and no party shall pursue enforcement of any subpoenas that have been issued in the instant litigation;

5.      In the event that mediation is unsuccessful, the parties shall provide any and all third-parties that have been issued subpoenas in either Defamation 1 or Defamation 2 of notice regarding the termination of the stay, and shall provide such third-parties with an additional period of thirty (30) days following the receipt of such notice to respond to, contest, or comply with the subpoenas previously issued. The lapsing of the discovery deadline during that thirty-day period will not serve as any procedural bar to ensuring compliance with any such outstanding subpoena.

6.      Nothing in the instant stipulation shall be construed as a waiver of any right of any party or third-party to contest the propriety of any subpoenas issued in either Defamation 1 or Defamation 2, by way of objection or motion, following termination of the stay;

7.      The parties shall update the Court regarding the status of their mediation efforts within forty-five (45) days of this Order;

8.      In the event that mediation efforts do not resolve Defamation 1 and Defamation 2 in their entirety, the parties shall submit a proposed amended post-discovery scheduling order for the Court's review and adoption within ten (10) days of the resolution of mediation efforts.

4

DATED: April 26, 2016

*Allan Laurence Brenner*

/s/ Robert L. Raskopf
_____
Robert L. Raskopf
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue
New York, New York 10010
(212) 849-7000

_____
Allan Brenner
Attorney at Law
536 West Penn Street - 2nd floor
Long Beach, New York 11561
(516) 897-6145

*Attorney for Plaintiff Raymond Mirra*

*Attorney for Defendant Gigi Jordan*


       The two actions are stayed in their entirety until **July 1, 2016**.  The fact and expert discovery deadlines are extended to **December 31, 2016**.

       SO ORDERED.

       DATED:  May 2, 2016
               New York, New York

_____
**ANALISA TORRES**
**United States District Judge**